

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

November 16, 2010

Mr. Thomas Huntsberger
870 West Centennial
Springfield, OR 97477

Mr. Ronald Sticka
PO Box 11038
Eugene, OR 97440

RE:   Plantz, Roy Calvin; Case No. 09-65036-aer7
      Debtor's Objection to Trustee's Motion for Turnover

Counsel:

    Debtor Roy Plantz objected to the Chapter 7 Trustee's motion for turnover of $1,430.14 in non-exempt tax refunds arguing only $563.09 was subject to turnover. After a hearing on September 28, 2010, the parties were given 14 days to each submit a letter detailing how they calculated the amount subject to turnover. The letters have been filed and the matter is ripe for decision.

    The facts are undisputed as follows:

    Debtor filed his Chapter 7 petition on September 18, 2009. His original Schedule B did not list any tax refunds or Earned Income Tax Credit (EIC).[1] At some point in 2010, he received a federal 2009 tax refund of $4,700 of which $3,043 was attributable to the EIC. He also received a $549 state tax refund. On March 3, 2010, Debtor amended Schedule B listing "2009 federal and state income tax refunds, including EIC tax credit" valued in the aggregate at $4,700.[2] He also filed Amended Schedule C claiming all of the $3,043 EIC exempt under ORS 18.345(1)(n)[3] and

---

[1] See, 26 U.S.C. § 32.

[2] However, the $4,700 in fact represented only the federal refund including EIC.

[3] ORS 18.345(1)(n) provides:

> (1) All property, including franchises, or rights or interest therein, of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution. The

$147.30 of the balance of the refunds exempt under ORS18.345(1)(o),[4] which was the remaining amount available to him under that subsection. The Trustee did not object to the exemption claims.

Discussion:

The Trustee computes the amount subject to turnover two ways both yielding the same figure. I will use Method 2 for the purpose of my analysis.

Trustee's Method #2:

1) Prorate the total federal and state refunds ($4,700 + $549=$5,249 x 71.50685%)[5] to yield $3,753.39 as property of the estate;
2) Deduct from $3,753.39 the pro-rated EIC amount of $2,175.95 ($3,043 x 71.50685%) to yield $1,577.44;
3) Deduct from $1,577.44 the $147.30 in remaining exemption under ORS 18.345(1)(o) to yield $1,430.14.

Debtor uses the same three steps except in Step #2 he deducts the full EIC amount instead of a prorated amount.

I concur with the Trustee's calculation. First, I agree with him that the EIC[6] should be treated as a separate property interest, the Oregon exemption statute itself being proof that such separate treatment is required. So treated, the fallacy in Debtor's computation becomes clear.

---

following property, or rights or interest therein of the judgment debtor, except as provided in ORS 18.305, shall be exempt from execution:

> (n) The debtor's right to receive an earned income tax credit under the federal tax laws and any moneys that are traceable to a payment of an earned income tax credit under the federal tax laws.

[4] ORS 18.345(1)(o) provides:

> (1) All property, including franchises, or rights or interest therein, of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution. The following property, or rights or interest therein of the judgment debtor, except as provided in ORS 18.305, shall be exempt from execution:
>
> > (o) The debtor's interest, not to exceed $400 in value, in any personal property. However, this exemption may not be used to increase the amount of any other exemption.

[5] Debtor filed his petition on day 261 of 2009. Dividing 261 by 365 equals 71.50685%.

[6] For a general discussion of the EIC and the policies underlying it see In re Rutter, 204 B.R. 57 (Bankr. D. Or. 1997).

First, Debtor concedes the EIC (along with the balance of the tax refunds) should be prorated into pre-filing (estate property) and post-filing (non-estate property) components. The total EIC was $3,043. The parties agree the percentage representing the estate's portion is 71.50685% which yields $2,175.95, leaving a balance of $867.05. Using standard methodology, Debtor gets to keep the $867.05 because it is his (post-petition) property not the estate's. One then takes the $2,175.95 estate portion and applies the EIC exemption. Here, Debtor claimed $3,043 exempt which was not objected to. Because the exemption amount exceeds the actual value of the estate's interest in the EIC, Debtor also gets to keep the $2,175.95.

The remaining (non-EIC) federal tax refund equals $1,657. Adding this to the state refund of $549 equals $2,206. Pro-ration yields $1,577.44 as the estate's portion and $628.56 as Debtor's. Again, Debtor gets to keep the $628.56 because it's his property. Taking the $1,577.44 estate portion and deducting the remaining $147.30 allowed under ORS 18.345(10)(o) yields $1,430.14 of estate property Debtor must turnover.

Debtor's error comes in deducting the <u>full</u> EIC from the prorated portion in Step 2. This creates a double deduction of the $867.05 non-estate portion, as that portion was already excluded from turnover in Step #1's initial proration.[7] It is thus no coincidence the parties' respective bottom-line figures are apart by exactly $867.05.

Debtor may be arguing that because the Trustee did not object to his claim of a $3,043 EIC exemption, he is entitled to deduct that amount from the estate's portion when computing turnover requirements. See, Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed.2d 280 (1992). However one cannot exempt more than the estate's interest in property. Here, as discussed above, the estate's interest in the EIC was only $2,175.95 and therefore the EIC exemption is limited to that amount.

Based on the above, Debtor's objection will be overruled and Trustee's motion for turnover will be granted. A separate order will be entered. This letter constitutes my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

 Very truly yours,

 *albert E. radcliffe*

 ALBERT E. RADCLIFFE
 Bankruptcy Judge

AER:vhd

---

[7] Contrary to Debtor's argument, Trustee's Method #1 which deducts 100% of the EIC amount from the full federal refund and then pro-rates the sum of the federal remainder plus the state refund, does not apply the EIC exemption before figuring the estate's interest in the EIC. Rather, Method #1 is merely a shorthand way of accounting for the EIC, as the non-estate portion ($867.05) plus the 100% exemption in the estate's portion ($2,175.95) means the full EIC is excluded from the estate and thus from turnover.